UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDI BOYER,

      Plaintiff,

v.                                      Case No: 8:16-cv-1418-T-35JSS

PEOPLESCOUT, LLC and
TRUEBLUE, INC.,

      Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement Agreement.   (Dkt. 22)

This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  (Dkt. 2)  On January 27, 2016, Plaintiff, Brandi Boyer, filed this action against Defendants in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging violations of the FLSA's overtime compensation provisions.   (Id.)   In her Complaint, Plaintiff alleged that she was employed by one of the Defendants as a senior recruiter from October 2012 through December 2015.   (Id. at ¶ 15)   Although Plaintiff did not specify which of the two named Defendants was her employer, she alleged that Defendants are "global recruiting and staffing solution companies" and that Defendant PeopleScout, LLC, is a wholly-owned subsidiary of Defendant TrueBlue Inc.   (Id. at ¶ 11).   Defendants filed a Notice of Removal based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.   (Dkt. 1)   In their Answer, filed on June 10, 2016, Defendants admitted that Plaintiff was employed by

Defendant PeopleScout but denied any liability under the FLSA and asserted several affirmative defenses in response to Plaintiff's allegations.   (Dkt. 3)   Defendants also denied that Plaintiff was employed by Defendant TrueBlue.   (Id.)   The Parties now represent that they have reached an agreement to resolve the dispute, and therefore request that the Court approve their Settlement Agreement and Release (Dkt. 22-1) and dismiss the case with prejudice.   (Dkt. 22)

A claim brought under the FLSA can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.   To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.   "If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 n.7 (M.D. Fla. 2009).

In exchange for, *inter alia*, a release from all liability by Plaintiff, Defendants have agreed to release any and all potential counterclaims that could be asserted against Plaintiff in this action.   (Dkt. 22-1 at ¶ 4)   The Parties state in their Motion that this case involves disputed questions as to whether Plaintiff, in fact, worked more than forty hours per workweek as alleged in the Complaint, with Defendants taking the position that

Plaintiff "was not performing work for Defendants at those times."   (Dkt. 22 at 2)   The Parties further state that, during the course of initial discovery, "Defendants learned of alleged wrongdoing and potential serious counterclaims against the Plaintiff, including, but not limited to, potential counterclaims for civil theft, breach of employment contract, breach of non-compete agreement, and breach of duty of loyalty."   (Dkt. 22 at 2; 22-1 at 1)   These potential counterclaims are based on allegations that "Plaintiff was working for a competitor, in a full-time, virtual recruiting position, at the same time that she claimed to be working for the Defendants in a similar position."   (Dkt. 22 at 2-3)   The Parties have therefore agreed to a "walk-away" settlement in which this case will be dismissed and both sides will release any and all claims or potential claims against the other.   (Id. at 3)   As to attorneys' fees, the Settlement Agreement states that "[t]he Parties agree to bear their own attorneys' fees and costs."   (Dkt. 22-1 at ¶ 3)

The Parties agree in their Motion that "[t]he Settlement Agreement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues" and state that "[a]ll of the Parties were advised and represented by counsel throughout the litigation and settlement process."   (Dkt. 22 at 3)   In addition, Plaintiff represents and acknowledges in the Settlement Agreement, *inter alia*, that she (1) consulted with her attorney prior to executing the Settlement Agreement, (2) was represented by counsel in the negotiation of the settlement, and (3) has entered into the Settlement Agreement voluntarily and with a full understanding of its terms.   (Dkt. 22-1 at ¶ 12)

Upon review of the proposed Settlement Agreement, the Court finds that the Settlement Agreement, with two exceptions discussed below, is fair and reasonable under the circumstances of this case.   Specifically, Plaintiff is represented by counsel, who is

obligated to vigorously represent her interests, and has agreed that Defendants' potentially meritorious counterclaims warrant dismissal of Plaintiff's FLSA claim in exchange for a release from Defendants.   See Bezeau v. Cable Equip. Servs., Inc., Case No. 14-cv-24538-PAS, 2015 WL 12712052, at *1 (S.D. Fla. July 23, 2015), report and recommendation adopted 2015 WL 12712053 (S.D. Fla. Aug. 11, 2015) (recommending approval of "walk away" FLSA settlement "whereby Plaintiffs agreed to withdraw and dismiss their FLSA claims in exchange for the withdrawal and dismissal of Defendants' counterclaims" in light of the bona fide dispute between the parties and the potential risks of continuing with the litigation); Terry v. Waste Mgmt. of Fla., Case No. 6:06-cv-1473-Orl-28JGG, 2007 WL 604977, at *2-4 (M.D. Fla. Feb. 22, 2007) (approving voluntary stipulation of dismissal with prejudice of FLSA claims, with each party to bear its own attorneys' fees and costs, in FLSA action involving potential claims for overpayment of wages by the defendant where "each party was independently represented by counsel" who "were obligated to vigorously represent their clients' rights").

The exceptions are the unilateral confidentiality and non-disparagement provisions contained in Paragraphs 7 and 8, which prohibit Plaintiff, but not Defendants, from disclosing the terms of the Settlement Agreement.   Notably, the agreement was filed on the open record of this proceeding.   In any event, "[a]n employer's insistence upon a confidentiality and non-disparagement provision as part of an FLSA settlement contravenes the policies underlying the FLSA and limits the plaintiff's rights under the First Amendment."   Gillard v. Fleetmatics USA, LLC, Case No. 8:16-cv-81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject as unreasonable

4

a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). "Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses." Brown v. SeaDog Brewpub BV, LLC, Case No: 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *5 (M.D. Fla. Dec. 29, 2016), *report and recommendation adopted* 2017 WL 119741 (M.D. Fla. Jan. 12, 2017).

Therefore, the Court finds that the confidentiality and non-disparagement provisions contained in Paragraphs 7 and 8 of the Parties' Settlement Agreement are unenforceable. Pursuant to the severability provision contained in Paragraph 17 of the Settlement Agreement, the Court severs these provisions from the Settlement Agreement and approves the remainder of the Settlement Agreement subject to the limitations set forth below in Paragraph 3 of this Order.

Accordingly, it is hereby **ORDERED** that:

1.    The Parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice Plaintiff's Complaint (Dkt. 22) is **GRANTED**.

2.    The Settlement Agreement (Dkt. 22-1) is **APPROVED subject to the limitations set forth in paragraph 3 of this Order** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3.    The confidentiality and non-disclosure provisions contained in Paragraphs 7 and 8 of the Settlement Agreement shall not be enforced and are **stricken** from the remainder of the Settlement Agreement.

4.      This case is **DISMISSED WITH PREJUDICE**.   Each party shall bear its

own legal fees and costs.   **Counsel shall provide a copy of this order to**

**their respective clients.**

5.      The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE**

this case.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of April, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

6